```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                                Criminal No. 04-cr-219-01-SM
                                                      Opinion No. 2005 DNH 120

Daisylyn A. White

## **O R D E R**

      This is yet another criminal case in which the government is bringing charges under 18 U.S.C. § 1001 (false statements) for conduct that amounts to passport fraud (18 U.S.C. § 1542).  See United States v. Muratoski, ___ F.Supp. 2d ___, 2005 DNH 61 (D.N.H. April 8, 2005).  That charging decision is no doubt a function of the court of appeals' decision in United States v. Salinas, 373 F.3d 161 (1st Cir. 2004).  In Salinas the court held venue to be improper in this district in passport fraud cases involving applications filed or mailed out of state that eventually find their way to the National Passport Center in Portsmouth, New Hampshire.  The court did note, however, that venue would be proper in this district if the conduct were charged as a false statement offense under § 1001 – the distinction being that passport fraud is a completed offense "at the moment an applicant makes a knowing false statement in an

application with a view toward procuring a passport," Salinas, 373 F.3d at 165 (citing United States v. O'Bryant, 775 F.2d 1528, 1535 (11th Cir. 1985), while § 1001 offenses are generally considered continuing offenses, with the material misrepresentation "continuing into the district in which the effects of the false statement are felt." Salinas, 373 F.3d at 167 (citations omitted).

Defendant moves to transfer venue to the Eastern District of New York, where she lives and works. See Fed. R. Crim. P. 21(b). The government objects.

**Standard of Review**

A district court has broad discretionary power to transfer a criminal prosecution to another district "for the convenience of the parties and witnesses and in the interest of justice." Fed. R. Crim. P. 21(b). In exercising that discretion, courts generally consider a number of factors identified by the Supreme Court in Platt v. Minnesota Min. & Mfg. Co., 376 U.S. 240 (1964). Those factors include: (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be an issue; (4) the location of documents and records likely

to be involved; (5) the disruption of defendant's business if the case is not transferred; (6) the expense to the parties; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) the docket condition of each district or division involved; and (10) any other special considerations relevant to transfer.  Id. at 243-44.  No one factor is likely to be dispositive, but all should be considered under the circumstances:

> It is unlikely that any one of these factors will be
> present by itself in a particular case.  Ordinarily the
> various factors appear in combination, with some
> pointing in favor of transfer and others against
> transfer.  It is incumbent on the court in such a case
> to strike a balance and decide which factors seem to be
> of greatest importance in that case.

2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 344 at 275.

## Discussion

Having carefully considered the Platt factors, I find it appropriate in this case to exercise my discretion to transfer venue to the district in which the defendant lives.

Long Island, where defendant lives, is not terribly far away – defendant could drive to New Hampshire in about six hours. Driving home on the same day would pose a substantial hardship, however, and staying here overnight would involve room and board expenses added on to travel costs. After several trips, those costs and burdens would become increasingly significant.

Defendant is employed, though at a comparatively modest wage ($7.00 per hour), as a home health aide. She has been determined to be eligible for appointed representation and is represented by the federal defenders office. All is all, economic impact upon defendant of requiring her to litigate in New Hampshire counsels in favor of transfer. Defendant had to travel all night by bus for her initial appearance and arrived without money for food. She had to return by bus that evening, arriving home after midnight.

Defendant also states that she will be calling witnesses from New York. Needless to say, it will be far more convenient for those witnesses to have the trial (and, if defendant is convicted, sentencing) in New York, where they live.

4

Transfer of venue poses no undue burdens for the government. The critical evidence is likely in the form of documents which are easily transported and authenticated. Government employee-witnesses are either already located in New York or can easily and conveniently travel from New Hampshire at no personal expense. And, given the nationwide reach of the activity at the Passport Center, the government must reasonably expect, and prepare for, occasional travel in support of prosecutions it deems appropriate to bring. In any event, the government's inconvenience is "a factor given little weight when other considerations of convenience suggest transfer." United States v. Gruberg, 493 F.Supp. 234, 243 (S.D.N.Y. 1979).

Although this case could reasonably be tried here, and the transfer question is arguable, the combination of factors discussed and the principle that defendants, ordinarily, should be tried where they live, United States v. Russell, 582 F. Supp. 660, 662 (S.D.N.Y. 1984), and the government's charging decision to avoid the more precise charge for the conduct at issue in order to avoid a plain absence of venue, all tips the balance in favor of exercising discretion to transfer this case to the Eastern District of New York.

**Conclusion**

Venue is transferred to the Eastern District of New York for the convenience of the defendant and witnesses, and in the interests of justice.  Fed. R. Crim. P. 21(b).


**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 26, 2005

cc:  Alfred J.T. Rubega, Esq.
     Jeffrey S. Levin, Esq.
     U.S. Probation
     U.S. Marshal